UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOANE-JOHN F. HEIMULI,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C-10-0020 EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND TO STATE COURT AND DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES, COSTS AND MONETARY SANCTIONS**<br><br>**(Docket No. 3)** |

Currently pending before this Court is Plaintiff's motion to remand and request for attorney's fees, costs and monetary sanctions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion for remand to state court and **DENIES** the request for attorney's fees, costs and monetary sanctions.

## I.    FACTUAL & PROCEDURAL BACKGROUND

On August 6th, 2009, Plaintiff Soane-John Heimuli filed suit in state court against Defendants American Home Mortgage Servicing, Inc. ("AHM"), Citi Residential Lending, Inc. ("Citi") and CR Title Services ("CR"). All Defendants were served on December 7, 2009. On January 4, 2010, Defendants Citi and CR filed a petition removing the action to this Court on the ground that several of Plaintiff's claims arise under federal law. The next day, January 5, 2010, Defendant AHM filed a demurrer in state court. Defendant AHM did not join in the initial removal, but subsequently joined on February 22, 2010.

On February 2, 2010, Plaintiff filed his motion to remand and request for attorney's fees, costs and monetary sanctions. Plaintiff seeks to remand on several grounds, including a failure to

timely join all Defendants to the notice of removal pursuant to 28 U.S.C. § 1446. Defendants contend that any defect in the removal has been cured, and regardless that they had an objectively reasonable basis for removing the action to this Court.

## II. DISCUSSION

A. Unanimity of Defendants

Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action brought in state court but over which the federal courts would have original jurisdiction. Under the removal statute, a defendant seeking to remove the action must file notice of removal within thirty (30) days of being served with the initial pleading in the case. 28 U.S.C. § 1446(b). To challenge a removal to federal court, a party may file a motion to remand. *See* 28 U.S.C. § 1447(c). Remand to state court may be ordered for either a lack of subject matter jurisdiction or for a procedural defect in the actual removal procedure. *See id*. The burden of establishing federal jurisdiction is on the removing party, and the removal statute must be strictly construed against removal. *See Prize Frize, Inc. v. Matrix(U.S.), Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) (citations omitted), *superceded by statute on unrelated grounds as explained by Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) (citations omitted); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 (9th Cir. 1988). The critical issue in this case is whether there was a procedural defect in the removal.

The Ninth Circuit has interpreted 28 U.S.C. § 1446 as requiring a "rule of unanimity", meaning all defendants who have been served in a state action must join the notice of removal. *See Prize*, 167 F.3d at 1266; *United Computer Sys. v. AT&T Info Sys.*, 298 F.3d 756, 762 (9th Cir. 2002); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986). Generally, a failure to join all defendants who have been served with the initial pleading in the removal notice within the statutorily mandated thirty (30) day period renders a removal notice procedurally defective and is grounds for remand. *See Emrich*, 846 F.2d at 1193 n.1 (9th Cir. 1988); *Prize*, 167 F.3d 1261, 1266 (stating that where defects in removal notice due to lack of joinder by all defendants not cured within the thirty (30) day period permitted by statute, removal was improper and remand is required.). The Ninth Circuit has also held that "[w]here fewer than all the defendants have joined

1  in a removal action, the removing party has the burden under section 1446(a) to explain
2  affirmatively the absence of any co-defendants in the notice for removal", and that a failure to do so
3  renders a notice of removal facially deficient. *Prize*, 167 F.3d at 1266 (citations omitted).
4        In the instant case, Defendants Citi and CR concede that they failed to join Defendant AHM
5  in the removal notice. Defendants Citi and CR offer no explanation as to why Defendant AHM
6  failed to join in the removal notice, nor do Defendants advance any argument to explain their failure
7  to cure this procedural defect within the statutorily mandated thirty (30) day period.[1] It would be
8  difficult to do so since Defendant AHM filed a demurrer in state court the day after Citi and CR filed
9  their removal petition. Clearly, then, AHM had been served with the complaint and should have
10 been joined in the remand. Defendants Citi and CR failed to follow the removal requirements of 28
11 U.S.C. § 1446. Therefore, because the removal notice was facially defective in that it failed to join
12 all Defendants and the procedural defect was not cured within the thirty-day statutory period,
13 removal was improper and remand is required.
14 B.    <u>Attorney's Fees</u>
15       28 U.S.C. § 1447(c) authorizes this Court, on an order of remand, to "require payment of just
16 costs and any actual expenses, including attorney fees, incurred as a result of the removal." Courts
17 are given wide discretion in deciding whether to award fees under this section. *See Moore v.*
18 *Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992). "Absent unusual circumstances, courts
19 may award attorney's fees under § 1447(c) only where the removing party lacked an objectively
20 reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees
21 should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted).

---

[1] Defendants Citi and CR argued at the motion hearing that they believed such a procedural defect was waiveable. It is true that the Ninth Circuit has held that a plaintiff's failure to raise a procedural defect in the removal procedure within 30 days of the notice of removal renders the defect waived. *See No. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). In the instant case, Plaintiff raised the procedural defect in his motion to remand, which was filed within the required 30 day period, and thus did not waive his right to request remand on this basis.

1    Here, the Court finds that Defendants Citi and CR had an objectively reasonable basis for
2 seeking removal. The notice of removal does not fail for a lack of subject matter jurisdiction.[2]
3 Rather, the removal fails because of a procedural defect - i.e. lack of unanimity. There is authority
4 suggesting that an award of fees may not be mandated under these circumstances. *See Brady v.*
5 *Lovelace Heath Plan*, 504 F. Supp. 2d 1170, 1172 (D. N.M. Aug. 20, 2007) (court refused to find a
6 lack of objectively reasonable basis for removal where plaintiff's claims created federal question
7 jurisdiction and removal would have been proper but for the removing defendant's failure to join all
8 defendants).

9    Even if fees could be awarded based on procedurally defective removal, fees are not
10 warranted under the facts here. There is also no evidence in the record that Defendants Citi and CR
11 acted in bad faith in *e.g.*, trying to delay or obstruct proceedings. Additionally, Defendant AHM still
12 had two days after the notice of removal was filed to join in the removal and cure the procedural
13 defect. In *Evans v. Bantek West, Inc.*, No. CIV. 08-2966 WBS GGH, 2009 U.S. Dist. LEXIS 19218,
14 * 14 (E.D. Cal. Mar. 12, 2009), the court held where there otherwise was jurisdiction, the procedural
15 defect of lack of unanimity alone "did not make [the removal] objectively unreasonable at the time,
16 because [the non-joining party] still had a week to join in the notice after it was filed."

17    This Court thus finds Defendants Citi and CR had an objectively reasonable basis for
18 removal. Accordingly, Plaintiff's request for attorney's fees and costs is denied.

19 C.    Rule 11 Sanctions

20    Finally, Plaintiff requests monetary sanctions pursuant to Federal Rule of Federal Procedure
21 11 for what he claims is Defendants Citi and CR's frivolous removal of the action. Rule 11
22 authorizes sanctions for, *inter alia*, frivolous filings or filings for an improper purpose. Fed. R. Civ.
23 Proc. 11; *see also Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1140 (9th Cir. 1990).

---

[2] Plaintiff's complaint on its face alleges violations of the Federal Fair Debt Collections Act ("FFDCA"), 15 U.S.C. §§ 1692 *et seq.*, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. *See* Compl. 14:15-20, 19:1-4. Additionally, Plaintiff requests federal remedies in his prayer for relief, seeking both statutory damages for unfair debt collection practices under federal statutes and "treble damages as permitted by law." *See Id*. at 22:18-22.

4

Federal Rule of Civil Procedure 11(c)(2) requires that a motion for sanctions "be made separately from any other motion."

Here, Plaintiff made his motion for sanctions within his motion for remand, in violation of Rule 11(c)(2), and as such this Court cannot consider it. *See Arthur v. Faatalale Auelua*, No. 09-00590 DAE LEK, 2010 U.S. Dist. LEXIS 24536, * 18 (D. Haw. Mar. 12, 2010), *adopted by Arthur v. Faatalale Auelua*, 2010 U.S. Dist. LEXIS 33324 (D. Haw. Apr. 5, 2010) (Court refused to consider request for sanctions in a motion to remand where the plaintiff failed to follow the Rule 11(c)(2) procedures). Furthermore, based on this Court's findings herein, Defendants Citi and CR's removal was not frivolous and their failure to timely join Defendant AHM not done in bad faith. Accordingly, the Court denies Plaintiff's request for Rule 11 monetary sanctions.

### III.   CONCLUSION

For the reasons stated above, Plaintiff's motion to remand to state court is granted and Plaintiff's request for attorney's fees, costs and monetary sanctions is denied.

This order disposes of Docket No. 3.

IT IS SO ORDERED.

Dated:  April 9, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge